## Charles G. Wineteer and Delmar H. Winchell, doing business, etc., v. M. A. Jones.

1. REAL ESTATE COMMISSIONS—*construction of contract pertaining to.* Where a party agrees to pay a real estate broker commissions upon all lands sold by him to customers sent by such broker, he is liable for commissions for all land sold to persons procured as purchasers by such broker or to whom sales are made upon information received from such broker.

Action of assumpsit. Appeal from the County Court of Sangamon County; the Hon. GEORGE W. MURRAY, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

PERRY & MORGAN, for appellants.

E. L. CHAPIN, for appellee.·

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This appeal is taken from a judgment for $247, recovered by appellee against appellants in the County Court of Sangamon County, for $1 per acre commission on sale of 247 acres of land in Missouri to Maggie and Jesse Richardson. Appellee testified that in the early spring of 1902 he had a conversation with appellant Wineteer, in which the latter told him that appellants were handling Missouri lands and asked him to send them anybody they wanted to buy; that appellee asked him what there was in it for him, to which appellant Winteer replied, that he would always divide the commissions; that it was finally agreed at that time that appellee should have half the commissions or one dollar an acre on all customers he sent to appellants and to whom they sold land; that at that time and afterwards, he spoke to Wineteer about a Mrs. Richardson, who had lately sold her place, as a prospective purchaser; that appellants had taken Mr. and Mrs. Richardson to Missouri, and the latter had there bought 247 acres of land; that Wineteer, on one occasion, subsequently told him that no commission had been received but when the deal was closed, he (appellee) should have half of it; that upon learning that appellants had been paid a commission of $500 on the sale to the Richardsons, he again called on Wineteer for a settlement and was told by the latter that he did not have the money. Appellant Wineteer denied having any such conversation or agreement with appellee in reference to commissions, but admitted that appellee had applied to him for a settlement and that he had said to appellee that the matter was in the hands of his partner, Winchell, and that

Wineteer v. Jones.

when everything was settled up, if Winchell was disposed to give appellee something out of it, he (Wineteer) would make no objection. The evidence further tends to show that appellants did not sell to the Richardsons the tract of land in Missouri listed with them, or with their principal, Rimmerman, residing at Harris, Missouri, but that while there, a sale to them was consummated of 247 acres of land for which one W. S. Jones was agent; that upon this sale appellants received a commission of $500.

Appellants insist, that conceding the agreement was as testified to by appellee, he cannot recover, because the proof shows that appellants went to the Richardsons to solicit them as purchasers and not that the Richardsons were *sent* to appellants by appellee. When appellants agreed to pay appellee a commission on all lands sold by them to customers *sent* by appellee, they must be held to have meant such persons as appellee should procure as purchasers, or to whom, upon information received from appellee, they made sales. That appellants so construed the agreement and admitted their liability to appellee for commissions on land sold the Richardsons, is conclusively settled by the evidence of Mr. Rimmerman, who testified that appellant Winchell told him that they (appellants) would have to get a good commission, as they had to divide with appellee, he having furnished the parties, referring to the Richardsons.

It is urged that the land purchased by the Richardsons was sold to them by one W. S. Jones, as agent of the owner, and not by appellants, and that the $500 paid to appellants by said Jones was a gift or gratuity and not for commissions on the sale. In view of the strain put upon our credulity by the statement that Jones, a real estate broker in Missouri, voluntarily and as a pure gratuity gave to appellants, real estate brokers in Illinois, the sum of $500, realized out of the proceeds of the sale to the Richardsons, we are not disposed to search out the exact method adopted by appellants or on their behalf to conceal their connection with the transaction.

It is contended that the agreement to pay appellee one-half of the commission or $1 per acre, is not an agreement to pay a sum certain, but is in the alternative, and therefore not enforceable. The evidence tends to show that the commission usually realized by appellants on sales of land in Missouri, was $2 per acre, and that the agreement in question was made with reference to such commission. The amount, therefore, to which appellee would be entitled as his share of such commission under said agreement, would be the same, whether $1 per acre or one-half of the commission received by appellants.

The court did not err in giving or modifying instructions. The judgment is right and will be affirmed.

*Affirmed.*